UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY MCADAMS, ET AL

VERSUS

CITIFINANCIAL MORTGAGE
COMPANY, INC. OF NEW YORK

CIVIL ACTION

NO. 06-27-JVP-SR

-CONSOLIDATED WITH-

RUSSELL WINFIELD, ET AL

VERSUS

CITIFINANCIAL MORTGAGE
COMPANY, INC. OF NEW YORK

CIVIL ACTION

NO. 06-636-JVP-SR

**RULING ON MOTION FOR
JUDGMENT ON THE PLEADINGS**

This matter is before the court on a motion by defendant, CitiFinancial Mortgage Company, Inc. of New York ("CitiFinancial") for partial judgment on the pleadings (doc. 115). CitiFinancial has also filed a memorandum in support of its motion with exhibits (doc. 115-1 & Exs. A-D). Plaintiffs, Larry McAdams and Russell Winfield ("plaintiffs") have opposed the motion and filed exhibits (doc. 127 & Exs. A-O). CitiFinancial has replied to plaintiffs' opposition (doc. 135) and plaintiffs have filed a sur-reply (doc. 139). Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1332. There is no need for a hearing.

1

## FACTS AND PROCEDURAL HISTORY

On December 7, 2005, Larry and Lisa McAdams filed a class action petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge alleging that CitiFinancial charged more for interest and late fee charges than was permissible under the terms of their promissory note and that CitiFinancial had committed violations of the Fair Debt Collection Act.

The McAdams' petition states that on or about January 31, 1995 they signed a promissory note with Ford Consumer Finance Company, Inc. (FCFC) obligating them to pay the principal sum of $43,173.47 with an interest rate of 13.5% and payable over a period of fifteen years. The note provided that "in the event of default of any payment for a period of more than ten (10) days, the signers agree to pay a delinquency charge in an amount equal to five percent (5%) of the unpaid amount in default, or $15.00, which ever is less."

The McAdams further allege that CitiFinancial became the possessor of their promissory note after the buyout and/or merger with Associates Home Equity Services, Inc. ("Associates") and/or FCFC. Upon their payoff of the mortgage to CitiFinancial, the McAdams found that after ten years of paying on the loan, they had reduced the principal by only $2,399.61.

Subsequent review of a loan summary revealed that the McAdams' regular monthly payments had been first applied to any outstanding late charges or interest prior to being credited toward any reduction in the principal amount. The McAdams

2

argue that CitiFinancial charged an amount in interest and/or in late fees disguised as interest that violated the terms of the promissory note and the Fair Debt Collection Practices Act, specifically 15 U.S.C. § 1692f(1).[1]  The McAdams also contend that CitiFinancial violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector violates the FDCPA if he uses any "false representation of . . . the character, amount, or legal status of any debt."[2]

CitiFinancial removed the case to the Middle District Court of Louisiana and answered the McAdams petition on January, 11, 2006.  The McAdams plaintiffs amended the complaint on May, 26, 2006 and then again on September 26, 2006.  CitiFinancial filed answers to both.

The first amended complaint alleges that Associates targeted low-income, high risk borrowers and had a policy of issuing extensions for delinquent mortgage payments in order to keep from having to classify accounts as delinquent. According to Associate policy, the borrower was supposed to sign a written extension agreement to confirm the amount extended.  The complaint however alleges that,

---

[1] Title 15 U.S.C. § 1692f provides, in pertinent part:
  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

[2] The petition also seeks damages under 15 U.S.C. § 1640(a)(1) & (2), which do not define violations but state damage amounts recoverable under certain circumstances.

because manager bonuses were tied to the delinquency rate, Associates had a system-wide problem with issuance of the written extension agreements and borrowers who refinanced sometimes found that quoted payoffs were more than anticipated because the extended amounts were not disclosed on monthly statements and were only identified at payoff. Borrowers who challenged the extended amount charges were not required to pay unless the lender could produce a signed extension agreement. Nonetheless, many borrowers who did not sign an agreement often paid without contesting the charges.

The first amended complaint also alleges that CitiFinancial had violated the Truth in Lending Act[3] by charging interest, late fees and NSF fees in a manner inconsistent with the Truth in Lending Disclosure Document signed by the McAdams. The complaint also alleges that the extension costs were in violation of the Truth in Lending Documents. Finally, the amended complaint alleged that the failure to have borrowers sign the extension agreements amounted to negligent or intentional injury of the consumer, the failure to notify consumers regarding of the nature, or even of the existence, of the extension agreements and costs breached the standards of disclosure and stated that the amount of the monthly late fee breached the terms of the promissory note.

---

[3]The statute is found in Title I of the Consumer Credit Protection Act, Title 15, U.S.C. 1601 et seq. The regulatory implementation of the Truth in Lending Act is codified at 12 C.F.R. 226 and is known as Regulation Z. The Truth in Lending Act was created "[t]o safeguard the consumer in connection with the utilization of credit by requiring full disclosure of the terms and conditions of finance charges in credit transactions or in offers to extend credit . . . ."

The second amended complaint alleged that: (1) Associates' loan calculation program violated the promissory note, the Truth in Lending documents and the mortgage in the manner in which it calculated late fees; (2) Associates and CitiFinancial violated the promissory note, engaged in a predatory loan servicing practice and violated 12 U.S.C. § 2605(i)(3) by taking late fees out of monthly payments, thus failing to direct the payments as per the terms of the note;[4] (3) after CitiFinancial acquired the Associates' loans via merger, it engaged in a predatory servicing practice by collecting even larger late fees in violation of the terms of the Truth in Lending Document and promissory note; (4) CitiFinancial charged attorney's fees not supported by invoices in violation of the promissory note and in a predatory servicing practice; (5) CitiFinancial and Associates charged corporate advance fees in the absence of any contractual provision for such fees.

The second amended complaint also alleges that the McAdams' loan was assigned to CitiFinancial at a time when the McAdams loan payments were not current, thus rendering CitiFinancial a "debt collector" for the purposes of the Fair Debt Collection Practices Act.[5] The complaint further states that CitiFinancial

---

[4]Title 12 U.S.C. § 2605(i)(3) provides only that "[t]he term "servicing means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

[5]The Fair Debt Collection Practices Act was enacted as Title VIII of the Consumer Protection Act, 15 U.S.C. 1601 et seq. Pub.L. 95-109. The act seeks to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent

violated the Fair Debt Collection Practices Act by collecting interest, fees, charges and expenses not expressly authorized by the agreements creating the underlying debt, nor permitted by law.[6] The final allegation in the second amended pleading alleges that CitiFinancial violated the Fair Debt Collection Practices Act by falsely representing the amount on the loan.[7]

In its answer to the original petition, CitiFinancial stated twenty-two affirmative defenses. Among them, CitiFinancial contends that: (1) the claims are barred by the applicable statutes of limitations, prescriptive and preemptive periods, and/or laches; (2) CitiFinancial is not a "debt collector" under the Fair Debt Collection Practices Act; and (3) None of the actions of which plaintiffs complain are actionable under the Truth in Lending Act or the Real Estate Settlement Procedures Act and occurred after all of the required disclosures were made. (doc. 2, pp. 5-9; *see also* docs. 25 & 64).

---

State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e). Under 15 U.S.C. § 1692a(6), "'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[6]*See* 15 U.S.C. § 1692f(1) stating that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

[7]*See* 15 U.S.C. § 1692f((1)(A) providing that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing the following conduct is a violation of this section: . . . The false representation of– the character, amount, or legal status of any debt."

In support of its motion for partial judgment on the pleadings, CitiFinancial argues that all of the claims filed under the Truth in Lending Act must fail because the Truth in Lending documents accurately reflect the terms of the promissory notes, such disclosures cannot be "breached," and the claims are time barred (doc. 115, p. 2; doc. 115-2, pp. 5-8, 10-11).[8] CitiFinancial also contends that post-loan closing actions cannot violate the Truth in Lending Act because they involve an act, occurrence, or agreement subsequent to the delivery of the required disclosures (doc. 115-2, pp. 8-10).[9]

CitiFinancial also argues that the claims made under the Real Estate Settlement Procedures Act must fail because the act "does not govern, address, or reference the permissibility of collecting interest on late fees," and the claims are time barred (doc. 115, p. 2; doc. 115-2, pp. 11-13).[10]

---

[8]CitiFinancial cites 15 U.S.C. § 1640(e), providing that any action under the section must be brought within one year of the date of the violation.

[9]CitiFinancial cites 15 U.S.C. § 1634, providing that "[i]f information disclosed in accordance with this part is subsequently rendered inaccurate as a result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefore does not constitute a violation of this part. CitiFinancial also notes that Regulation Z provides that "[i]f a disclosure becomes inaccurate because of an event that occurs after the creditor delivers the required disclosures, the inaccuracy is not a violation of this regulation, although new disclosures may be required under paragraph (f) of this section, section 226.19, or section 226.20." doc. 115-2, p. 9 (*quoting* Regulation Z § 226.17(e).

[10]CitiFinancial cites 12 U.S.C. § 2614, providing that the such claims must be brought within three years of the date of its occurrence.


Finally, CitiFinancial contends that all Fair Debt Collection Procedures Act claims that accrued more than one year prior to the filing of the claims are time-barred (doc. 115, p. 3; doc. 115-2, p.14).[11]

On November 11, 2006, the court ordered that the Winfields' action against CitiFinancial be consolidated with that of the McAdams (doc. 71). The current motion for partial judgment on the pleadings was filed by CitiFinancial on December 14, 2007 (doc. 115). On January 10, 2008, almost a month later, CitiFinancial filed its answer to the Winfields' complaint (doc. 128).

Like the McAdams petition, the Winfields' petition alleges that CitiFinancial acquired the Winfields' mortgage loan through a company merger with Associates. The Winfields' petition also alleges that, at the time of the payoff of their loan, they were charged excessive interest and contend that Associates calculated late fees in a manner not in accordance with Associates' promissory notes allege that they were therefore charged excessive late fees. (doc. 1, ¶¶ 5-12).

The petition further alleges that the Winfields were overcharged for late fees by Associates and/or CitiFinancial in violation of the promissory note, mortgage and Truth in Lending documents. Associates and CitiFinancial failed to reduce the principal balance in accordance with the terms of the promissory note under its policy of taking late payments out of the regular monthly payments and thus

---

[11]CitiFinancial cites 15 U.S.C. § 1692k(d), providing that the claim must be brought within one year of the date on which the violation occurs.

collected interest on late fees. The Winfields petition, similarly to the McAdams petition, contends that the collection of interest on these late fees constitutes a breach of the promissory note, constitutes a predatory loan servicing practice and violates the Real Estate and Settlement Procedures Act, citing 12 U.S.C. § 2605(i)(3).[12] (doc. 1, ¶¶ 10-13).

The Winfields' petition further alleges that CitiFinancial, after acquiring the Associates' loans via merger, began to collect NSF fees of twenty-five dollars, despite the fact that the promissory notes permitted a maximum fee of only fifteen dollars. The Winfields contend that the CitiFinancial fees constitute a predatory servicing practice and violated the promissory note. Moreover, they contend that CitiFinancial's NSF fees resulted in overcharges in violation of the promissory note and Truth in Lending Documents (doc. 1, ¶¶ 14-16).

Like the McAdams, the Winfields contend that CitiFinancial is subject to the Fair Debt Collection Practices Act if it acquired their loan while the loan was delinquent. Therefore, the petition alleges claims under the Fair Debt Collection Practices Act mirroring the claims of the McAdams regarding its practice of collecting excessive late fees, interest on late fees, excessive NSF fees and false representation of the amount due on the loan.[13] (doc. 1, ¶¶ 17-21).

---

[12]See *supra,* note 4 and accompanying text.

[13]See *supra*, notes 5-7 and accompanying text.

## LAW AND DISCUSSION

In *Great Plains Trust Company v. Morgan Stanley Dean Witter & Co.*, the Fifth Circuit outlined the standards governing a Rule 12(c) motion for judgment on the pleadings. 313 F.3d 305 (5th Cir. 2002). "Rule 12(c) provides that '[after] the pleadings are closed but within such time as to not delay the trial any party may move for judgment on the pleadings.'" *Id.* at 312 (quoting *Hebert Abstract Co. V. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

"A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains*, 313 F.3d at 312. "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *St. Paul Ins. Co. V. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000).

"'Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.'" *Great Plains*, 313 F.3d at 312 (quoting *Voest-Alpine Trading USA Corp. V. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998). In analyzing the complaint, the court should "'accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* at 312-13 (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The court, however, should not "'accept as true conclusory allegations or unwarranted deduction of fact.'" *Id.* at 313 (noting that

12(b) decisions appropriately guide the application of Rule 12(c) and quoting *Edmond v. Collins*, 8 F.3d 290, 292 n. 5 (5th Cir. 1993) (addressing Rule 12(b) standard)).

"'The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.'" *Great Plains*, 313 F.3d at 312 (quoting *Jones v. Greninger* 188 F.3d at 324).

The pleadings were closed in these consolidated cases at the time CitiFinancial filed answers to the respective complaints.[14] Because CitiFinancial filed this Rule 12(c) motion prior to answering the Winfields' complaint, the motion is premature as it applies to the Winfields' claims. Motions for relief under Rule 12(c) and Rule 12(b)(6), however, apply a fungible standard– the only difference being the timing of the motion. As a result, CitiFinancial's premature Rule 12(c) motion will be considered a 12(b)(6) motion for the sake of procedural integrity.

Central to many of the claims asserted is the allegation that CitiFinancial acquired the loans of the plaintiffs through a merger. CitiFinancial contends that it merely changed its name from Ford Motor Finance Corporation, to Associates Home

---

[14]Fed.R.Civ.P. Rule 7(a) provides that "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." See also, *Progressive Cas. Ins. Co. V. Estate of Crone*, 894 F.Supp. 383, 385 (D.Kan. 1995) (noting that a motion under Rule 12(c) is premature when filed prior to an answer).

Equity Services, Inc., and then to CitiFinancial Mortgage Company, Inc. of New York. Therefore, a disputed issue of fact exists as to whether CitiFinancial acquired the loans from another company. However, for the purposes of a 12(c) or 12(b)(6) motion, the court must accept the facts alleged in the plaintiff's petition as true.

Accepting for the purposes of this motion the allegation that CitiFinancial acquired the loans through a merger or transfer, the court concludes that the complaints state potentially valid claims against CitiFinancial as a "debt-collecter" under the Fair Debt Collections Practice Act.[15] Moreover, if CitiFinancial is found to have acquired the loans under circumstances requiring it to provide notice under the Real Estate Settlement Practices Act, then a failure to provide such notice implicates charges under the Real Estate Settlement Practices Act.[16]

"[R]aising the limitations defense in a motion to dismiss may easily be premature because facts tolling the running of the statute of limitations do not

---

[15]For statutory application, see *supra*, notes 5-7.

[16]24 C.F.R. § 3500.21(d) provides in pertinent part:
   (1) Requirement for notice
   (i) Except as provided in this paragraph (d)1(I) or paragraph (d)(1)(II) of this section, each transferor servicer and transferee servicer of any mortgage servicing loan shall deliver to the borrower a written Notice of Transfer, containing the information described in paragraph (d)(3) of this section, of any assignment, sale, or transfer of the servicing of the loan. The following transfers are not considered an assignment, sale, or transfer of mortgage loan servicing for purposes of this requirement if there is not change in the payee, address to which payment must be delivered, account number, or amount of payment due:
      (A) Transfers between affiliates;
      (B) Transfers resulting from mergers or acquisitions of servicers or subservicers.

necessarily appear in the complaint." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). See also *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (stating that "equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights'" (quoting *Teemac*, 298 F.3d at 457). If CitiFinancial is found to have violated an obligation to provide proper notice to borrowers pursuant to the Real Estate Settlement Procedures Act, then it may be found to have misled the plaintiffs about the cause of action and equitable tolling may be applicable.[17] Therefore, the plaintiffs are entitled to put forth evidence to support their claims despite CitiFinancial's invocation of the statute of limitations.

CitiFinancial acknowledges that the Truth in Lending Act was passed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit" (doc. 115-2, p. 5). Nonetheless, CitiFinancial contends that no violation of the Truth in Lending Act occurred because the Truth in Lending

---

[17]The Fifth Circuit has not expressed an opinion whether the Real Estate Settlement and Procedures Act is subject to equitable tolling. See *Snow v. First American Title Ins. Co.*, 332 F.3d 356, 361, n. 7 (5th Cir. 2003). Other circuits, however, have addressed similar issues and concluded that federal statutes of limitations are not jurisdictional and the doctrine of equitable estoppel is therefore applicable despite the fact that the statute of limitations may be stated in the same provision governing jurisdiction. See *Lawyer's Title Ins. Corp. V. Dearborn Title Corp.*, 118 F.3d 1157, 1166-67 (7th Cir. 1997); see also *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1997) (holding that the statute of limitations in the Truth in Lending Act is not jurisdictional and equitable tolling is applicable under appropriate circumstances); *Jones v. TransOhio Savings Ass'n.*, 747 F.2d 1037, 1039-43 (6th Cir. 1984) (same); but see, *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037 (D.C. Cir. 1986) (holding that the statute of limitations in the Real Estate Settlement Procedures Act is jurisdictional).

documents were accurate at the beginning of the loan period and the obligation to disclose is not ongoing. In support of its argument it cites 12 C.F.R. §§ 226.17(b), providing that creditors must "make disclosures before consummation of the transaction." It also cites 15 U.S.C. § 1638(b)(1) providing that "disclosures must be made 'before the credit is extended.'" CitiFinancial also cites 12 C.F.R. § 226.17(e), providing that "[i]f a disclosure becomes inaccurate because of an event that occurs after the creditor delivers the required disclosures, the inaccuracy is not a violation of this regulation, although new disclosures may be required under paragraph (f) of this section, § 226.19, or 226.20.(doc. 115-2, p 6).

The Truth in Lending Act does, indeed, require lenders to make disclosures prior to extending credit, but as CitiFinancial has noted, the disclosure must be meaningful. Section 226.17(e) was not intended to immunize creditors who choose to ignore Truth in Lending documents after credit is extended. Truth in Lending documents would be rendered meaningless if, after acquiring the borrower's signature on a promissory note, lenders were absolutely free to unilaterally deviate from the document's provisions. See *Travis v. Boulevard Bank N.A.*, 880 F.Supp. 1226, 1230 (N.D.Ill. 1995) (stating that "[a]pplying § 226.17(e) where the subsequent inaccuracy was caused by the creditor would transform TILA, the purpose of which is to *advance* the informed use of credit on the part of the consumer, . . . into a vehicle for fraud by creditors." See also *In re United Companies Financial Co.*, 267 B.R. 524 (Bkrtcy.C.Del., 2000) (holding that the Truth in Lending Act was violated

where late fees were charged by a lender who had shortened the grace period as disclosed in the Truth in Lending disclosure, thus rendering otherwise timely payments "late"); *Vician v. Wells Fargo Home Mortgage*, 2006 WL 694740 (N.D. Ind.) (stating that "protection provided for inaccuracies caused by subsequent events is not to be afforded to the creditor when the creditor causes the events that result in the inaccuracies").

In *Travis*, the lender required the borrower to purchase insurance that was not authorized by the Truth in Lending document and added the cost of the premiums to the borrower's existing debt. 880 F.Supp. at 1229. The *Travis* court reasoned that this action constituted a new credit transaction requiring prior disclosure under the Truth in Lending Act. *Id.* at 1229-30.

In the present case, the complaints allege that CitiFinancial has, in effect, breached the provisions of the Truth in Lending documents in such a manner as to increase the indebtedness of the plaintiffs. Under the reasoning of the *Travis* line of cases, plaintiffs may therefore be entitled to relief if CitiFinancial did not provide Truth in Lending disclosure prior to charging the alleged fees or excessive interest. Moreover, as noted *supra*, if CitiFinancial is found to have misled plaintiffs regarding the cause of action, the Truth in Lending claims may also be subject to equitable tolling.

After thoroughly analyzing the complaints and construing them liberally, the court concludes that disputed issues of fact exist that preclude partial judgment on the pleadings.

## CONCLUSION

Therefore, the motion by defendant, CitiFinancial Mortgage Company, Inc. of New York, for partial judgment on the pleadings (doc. 115) is hereby **DENIED**.

Baton Rouge, Louisiana, March 3, 2008.

_____
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA